IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORPORATION,<br>    Plaintiff,<br><br>v.<br><br>CHRIS CONRAD, et al.,<br>    Defendants. | Civil Action No.<br>8:11-cv-1686-T-EAJ |

## DEFAULT FINAL JUDGMENT AND
## PERMENTANT INJUNCTION AS TO DEFENDANT DEANA JENNINGS

This matter is before the Court upon the Motion of Plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") for Default Final Judgment against Defendant Deana Jennings d/b/a Karaoke Chicks ("Defendant" or "Jennings"). For the reasons given below, and having considered the evidence and materials supplied and cited by Plaintiff in support of its motion, the Plaintiff's motion will accordingly be GRANTED. The judgment will be entered for the Plaintiff against the Defendant as follows:

### FINDINGS OF FACT

1. On November 16, 2011, Slep-Tone commenced this action against Defendant Deana Jennings and others as Case No. 8:11-cv-00032-RS-CJK in the Northern District of Florida (Doc. 1). The Complaint alleges, in pertinent part, that

the Defendant engaged in trademark infringement involving counterfeiting, federal unfair competition, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. § 501.211.

2. On July 8, 2011, a portion of the case, involving Defendant Deana Jennings and other Defendant who have operations or reside in the Middle District, was transferred to the Middle District of Florida (Doc. 55).

3. Trial of this matter was set for Wednesday, February 13, 2013, at 9:30 a.m., or as soon thereafter as possible, and the matter was called for trial at the conclusion of prior business in other cases.

4. Jennings failed to appear at Court for trial and, to date, has offered the Court no excuse or reason that would justify her failure to appear.

5. Based on the evidence presented by Plaintiff, it appears as though the Defendant intentionally did not appear in order to default. By intentionally failing to appear for trial of this matter, Jennings has defaulted, and deemed to have abandoned her answer in this matter and intended not to contest the allegations against her in the Complaint.

6. Slep-Tone is the owner of U.S. Trademark Registration No. 1,923,448, and No. 4,099,045, for SOUND CHOICE®, U.S. Trademark Registration No. 2,000,725, and No. 4,099,052, for a display trademark SOUND CHOICE & Design® ("The Marks").

7. Slep-Tone has consistently used the ® symbol to denote the registration of the Marks and thereby to give notice to the public that the Marks are federally registered.

8. The Defendant has used a reproduction, counterfeit, or coy of the marks in connection with her providing karaoke services, by displaying that reproduction, counterfeit, or copy during the provision of her services.

9. The Defendant did not have a license to create digitized copies of the Plaintiff's karaoke discs or of the music tracks contained thereon.

10. An authorized digitized copy of the Plaintiff's karaoke discs or music tracks is counterfeit.

11. The Defendant did not have a license to use counterfeit tracks in connection with their provision of karaoke services. The Defendant's unauthorized use of counterfeits of the Marks are likely to cause consumer confusion by deceiving her customers and/or patrons into believing that the services are being provided with Slep-Tone's authorization.

12. Slep-Tone has been harmed by the Defendant's infringing activities.

13. The unauthorized copies of Plaintiff's karaoke tracks used by the Defendant, has caused the Marks to be displayed at the Defendant's karaoke shows without authorization.

14. The marks so displayed are identical to the marks Slep-Tone has federally registered.

15. A reasonable estimate of the retail value of the Sound Choice-branded karaoke accompaniment tracks stored on a pirated computer hard drive is $44,378.00. Jennings operates two computer systems to produce commercial karaoke shows, and each system utilizes counterfeit goods bearing Sound Choice® registered trademarks among the more than 69,000 karaoke accompaniment tracks stored on those systems, without permission from Slep-Tone.

16. The use of counterfeit Sound Choice-branded karaoke accompaniment tracks by the Defendant was and is damaging to Slep-Tone as well as to the Defendant's legitimate competitors in the marketplace.

17. Plaintiff established that the Defendant is not in active military service, and accordingly there is no impediment to the imposition of default judgments against her under the Servicemembers' Civil Relief Act.

## CONCLUSIONS OF LAW

1. By virtue of her default in this manner, the Defendant is deemed to have admitted those facts alleged in the Complaint that are material to Slep-Tone's claims against her.

2. By using counterfeit materials bearing the Marks to put on karaoke shows and by displaying the Marks during the course of those shows, the

Defendant has committed acts that are likely to cause confusion among consumers of her services as to the authorization, sponsorship, and affiliation of her services with Slep-Tone. In particular, consumers who use the Defendant's services are likely to believe, falsely, that she has made use of genuine, authorized materials during the conduct of her business.

3. Accordingly, the Defendant's activities constitute trademark infringement involving counterfeiting.

4. The Defendant's same acts constitute a violation of §43(a) of the Trademark Act of 1946, as amended, in that the display of Slep-Tone's marks and the marks of other manufactures whose materials who have been similarly pirated constitutes a false designation of the origin of those materials.

5. The Defendant's same acts further constitute a *per se* violation of FDUTPA. *See TracFone Wireless, Inc. v. Accesss Telecom, Inc.*, 642 F.Supp.2d 1354, 1365 (S.D. Fla.2009) ("Engaging in trademark infringement is an unfair and deceptive trade practice that violates" FDUTPA).

6. Slep-Tone is entitled to a statutory damage award from the Defendant.

7. Permanent injunctive relief against the Defendant is necessary to prevent continuing harm to Slep-Tone.

8. An injunction forbidding the use of all unauthorized copies of karaoke tracks, whether belonging to the Plaintiff or otherwise, is an appropriate remedy

for the federal unfair competition and FDUTPA violations and would be appropriate to protect the rights of the Plaintiff, its legitimate downstream customers, and the public at large.

9. Seizure of the Defendant's computer hard drives containing the unauthorized copies of karaoke tracks and original Sound Choice discs, the use of which would violate the injunction, are both authorized by the Trademark Act and necessary to provide meaningful enforcement of an injunction.

In view of the foregoing Findings of Fact and Conclusions of Law, it is accordingly ORDERED that the Motion of Plaintiff Slep-Tone Entertainment Corporation to Enter a Final Judgment against Defendant Deana Jennings, is hereby **GRANTED**. It is therefore **ORDERED and ADJUDGED** as follows:

1. Pursuant to 15 U.S.C. §1117, judgment is hereby entered in favor of Plaintiff Slep-Tone and against Defendant Deana Jennings for statutory damages in the principal amount of $88,756; $44,378 for each of Jennings's two systems, for which sum let execution issue.

2. Interest from the date of entry of this judgment shall accrue at the legal rate, pursuant to 28 U.S.C. §1961.

3. The Defendant, her agents and employees, and all persons in active concert or participation with her and having knowledge of this Order are hereby permanently **ENJOINED** (a) from using (including making, copying, sharing,

distributing, selling, or otherwise using, and particularly including use to provide karaoke services), commercially or otherwise, any karaoke accompaniment track that is marked with either the mark in U.S. Trademark Registration No. 1,923,448, and No. 4,099,045, for SOUND CHOICE®, U.S. Trademark Registration No. 2,000,725, and No. 4,099,052, for display trademark SOUND CHOICE & Design®, without the prior, express written permission of Slep-Tone or its successors-in-interest, if any, to the ownership of those marks, and (b) from making, copying, sharing, distributing, selling, or otherwise using digitized copies of karaoke accompaniment tracks commercially or otherwise, which tracks are marked with any mark or other designation belonging to any person from whom the Defendant has not obtained written authorization from the owner thereof to make, copy, share, distribute, sell, or otherwise use the digitized copy.

4.  It is further ordered that Defendant, within fourteen (14) days of the entry of this Order, shall deliver up to Slep-Tone at the office of its local attorney, each and every computer hard drive or other storage device of whatever type or description, which drive or device contains any karaoke accompaniment track, and any original Sound Choice discs, the use of which is enjoined under paragraph 3 above. If the Defendant fails to do this within the required time, upon the certification of Slep-Tone or its attorney, the United States Marshals Service is hereby authorized, directed, and ordered to effectuate a seizure of such drives,

devices and discs, wherever they may be found; to enter upon private property as necessary to accomplish said seizure; to arrest and to bring before the Court any person who interferes with said seizure, such interference being punishable as contempt; and to deliver the drives, devices and discs, to Slep-Tone's attorney, Yanger Law Group, P.A., located at 217 N. Lois Avenue, Tampa, FL 33609. The expense of any seizure under this paragraph shall be taxable to the Defendant as costs.

5. Within thirty (30) days of receipt of the drives, devices and discs, Slep-Tone shall cause the drives and devices to be cleared of all data, if practicable, or destroyed, if not. Slep-Tone shall maintain an inventory of all such drives and devices, and shall, upon completion or data-clearing under this paragraph, return all non-destroyed devices to the Defendant.

6. Upon receipt of Defendant's original Sound Choice discs, the Plaintiff will sell them, and reduce her damage award balance accordingly.

7. The Court retains jurisdiction for a period of one (1) year over this cause and over the parties for the purposes of enforcing the foregoing relief and entering all further post-judgment orders that are just and proper.

8. The Clerk of the Court is directed to **CLOSE** this case.

DONE and ORDERED in Tampa, Florida, on 21 Feb. 2013,
_____.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE